*In re* APPEAL OF THE COLLECTOR OF CUSTOMS
FROM THE DECISION OF THE BOARD OF GEN-
ERAL APPRAISERS as to the classification and the rate
and amount of duty on certain merchandise imported by
GONSALVES & CO., LTD., and S. KIMURA & CO.,
LTD.

### September 6, 1905.

*Sake.—Description:* Sake not "wine, liquor, cordial or distilled
spirits" within the proviso of paragraph 296 of the Tariff Act of July 24,
1897, relating to leakage.

*Same.—Leakage.—Duties:* When liquids subject to duty are shipped
for importation into the United States, but leak out of their containers
leaving them empty before arriving, no one is liable for duty on them
unless they are within the descriptions of such proviso.

Appeal under Section 15, Customs Administrative Act of June
10, 1890, (26 Stat. L., 131).

J. J. Dunne, Ass't. U. S. District Attorney, for Appellant.

Lorrin Andrews and Wm. S. Fleming, Attorneys for Appel-
lees.

DOLE, J.   Appeal by the Collector of Customs for the Collec-
tion District of Hawaii and for the port of Honolulu, from a
decision of the Board of General Appraisers, which Board re-
viewed and reversed the decision of the appellant previously
made as to the classification and as to the rate of duty charge-
able upon the former contents of certain tubs for sake from
which the contents had entirely leaked out.   It was understood
between counsel that these two cases should be considered to-
gether.

"The said merchandise was classified and assessed for duty
as a still wine containing more than fourteen per cent. absolute
alcohol, under and pursuant to the provisions of paragraph 296
of the Tariff Act of July 24th, 1897, and the duty was assessed

and collected thereon at the rate of fifty cents per gallon; and also under the proviso contained in said paragraph 296 of said Tariff Act, providing 'that there shall be no constructive or other allowance for breakage, leakage, or damage, on liquors, cordials or distilled spirits'." *Petition of Collector on Appeal.* The importers appealed from this classification and rate of duty to the Board of General Appraisers on the grounds, "First, that sake is a beer or similar thereto, or a malt liquor or simi.... thereto, and is without the terms of said prohibition contained in said paragraph 296. Second, that sake is not a still wine or otherwise. Third, that sake is not a liquor within the meaning of said proviso of said paragraph 296, because the term liquor when used in a special sense, does not include beer or malt liquors. Fourth, that sake is not a cordial. Fifth, that sake is not a distilled spirit."

The Board of General Appraisers reversed the classification and rate of duty fixed by the Collector and decided that sake was not within the proviso of paragraph 296 above quoted, not being a wine, liquor, cordial, or distilled spirit, under the authority of *Hollender v. Magone,* 149 U. S., 586, and *Sarlls v. United States,* 152 Id., 570. The first of these two cases distinctly rules that the word "liquor" in this proviso means distilled spirits, or as the court said, "It may be laid down as a "general proposition, that where the term 'liquors' is used in "a special sense, spirituous and distilled beverages are intended, "in contradistinction to fermented ones; that the use of the four "words in this proviso, in the order in which they are arranged "and in the place in which the proviso is found in the schedule, "indicates that 'liquors' is used in a special rather than in a "general sense; and the conjunction of the words 'liquors' and " 'cordials,' as found in another paragraph, and as interpreted "by the past history of that particular part of the tariff legisla- "tion, shows that 'liqueurs' was intended by 'liquors' in this "clause."

This court is bound by the authority of *Hollender v. Magone, supra,* and accordingly finds that the proviso referred to does not apply to sake.

The decision of the Board of Appraisers referred to the *Hackfeld case,* T. D. 24410, which decided that sake, by similitude, should be assessed as a still wine under said paragraph 296, the provision for such action being in Section 7 of the said Tariff Act. This decision was made May 26th, 1904; on the day before, to wit, on the 25th day of May, 1904, the Circuit Court of the Southern District of New York filed a decision in the case of *Nishimiya v. United States,* which was an appeal by importers from a decision of the Board of General Appraisers. This court held that "sake is not sufficiently similar to "still wine to warrant its assessment for duty under "paragraph 296 of the act; and because of the high per- "centage of alcohol therein, the absence of effervescence, and "its quality, taste, and use, as aforesaid, it does not seem to be "sufficiently like beer or ale to permit of its inclusion under "paragraph 297. The conclusion reached is that it is so radi- "cally different from the articles covered by both of said para- "graphs that it should have been classified for duty as a non- "enumerated manufactured article under Section 6 of said "Act." 131 Fed. Rep., 650, 651.

This ruling rather strengthens the decision of the Board of General Appraisers, sake being a fermented article but not a wine nor a cordial. This being the case, there is no statute to interfere with the common sense view that the tubs in question having arrived within the United States empty, there was no merchandise to classify or upon which any duty could be charged.

The decision of the Board of General Appraisers is therefore affirmed.